Bao v. Barr

BIA
Poczter, IJ
A087 441 647

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty.

PRESENT:
     DENNIS JACOBS,
     JOSÉ A. CABRANES,
     JOSEPH F. BIANCO,
          *Circuit Judges.*

_____

YUE YE BAO,
     *Petitioner,*

     v.                                          18-2595
                                                 NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:          Robert J. Adinolfi, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Yanal H. Yousef, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yue Ye Bao, a native and citizen of the People's Republic of China, seeks review of an August 14, 2018 decision of the BIA affirming a November 1, 2013 decision of an Immigration Judge ("IJ") denying Bao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Ye Bao*, No. A087 441 647 (B.I.A. Aug. 14, 2018), *aff'g* No. A087 441 647 (Immig. Ct. N.Y. City Nov. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

Validity of Removal Proceedings

Bao first argues that, under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the Notice to Appear ("NTA") charging her as removable was insufficient to vest jurisdiction with the IJ because it did not contain a hearing date or time. We have held, however, that *Pereira* does not "void *jurisdiction* in cases in which an NTA omits a

2

hearing time or place . . . so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 110, 112 (2d Cir. 2019). Accordingly, because Bao unquestionably received notice of her hearings at which she appeared, her argument that her NTA was insufficient to commence removal proceedings is foreclosed by *Banegas Gomez*.

Adverse Credibility Determination

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the findings on which the BIA did not rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or

3

falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Bao was not credible as to her claim that family planning officials forced her to terminate a pregnancy and sought to sterilize her for violating China's family planning policy.

The agency reasonably relied on a series of inconsistencies in Bao's testimony and between her testimony and other evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Bao's testimony that she lived in hiding and on the run from family planning officials was implausible and inconsistent with her testimony that she owned and openly operated a store in Hangzhou for six years, that she owned and openly operated a store in Shanghai for four years, that she twice travelled to Hong Kong to purchase merchandise for her stores, and that she frequently went back to her hometown. Bao's testimony that her husband lived in Inner Mongolia while she lived in hiding by herself in Shanghai was inconsistent with her husband's letter that he moved with her to Shanghai. And Bao made varying statements regarding how much she and her husband were fined under the family planning policy. Similarly, the

4

agency did not err in relying on Bao's mother's failure to mention in her letter that she received a family planning notice directing Bao to report for sterilization. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). Bao could not compellingly explain these inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Bao's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to credit the letters from Bao's family

5

members because, in addition to the inconsistencies noted above, the authors were interested witnesses who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Contrary to Bao's contention, the IJ found her not credible as to the entirety of her testimony, including her forced abortion claim.

Competency

We need not review the agency's competency determination because Bao has abandoned that issue by not raising it in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Nevertheless, we note that the agency took appropriate measures to determine competency and reasonably concluded that Bao was competent to proceed. *See In re M-A-M-*, 25 I. & N. Dec. 474, 479–83 (B.I.A. 2011).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court